**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

E'DRICK BROWN,

                Petitioner-Appellant,

  v.

ROBERT A. HOREL, Warden, and
ATTORNEY GENERAL OF THE STATE
OF CALIFORNIA,

                Respondents-Appellees.

No. 11-15589

D.C. No. 2:08-CV-01401 JKS

MEMORANDUM[*]

Appeal from the United States District Court
for the Eastern District of California
James K. Singleton, District Judge, Presiding

Argued and Submitted January 17, 2013
San Francisco, California

Before: TASHIMA and GRABER, Circuit Judges, and ADELMAN, District
Judge.[**]

    E'Drick Brown appeals from a judgment of the district court denying his

petition for a writ of habeas corpus under 28 U.S.C. § 2254.  This court granted a

---

    [*]     This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

    [**]    The Honorable Lynn S. Adelman, District Judge for the United States
District Court for the Eastern District of Wisconsin, sitting by designation.

certificate of appealability on three issues: (1) Were Brown's federal due-process rights violated when the trial court granted the state's motion to consolidate and denied Brown's severance motion with regard to the consolidation of the two incidents? (2) Did the prosecutor commit prejudicial misconduct, in violation of due process? (3) Did cumulative error render Brown's trial fundamentally unfair? We affirm.

## I.

Regardless of whether the state court adjudicated Brown's federal due-process claim on the merits, Brown is not entitled to relief on this claim. The evidence relating to each set of crimes was distinct and easy to keep separate, so there was no danger that the jury failed to compartmentalize the evidence. *See Bean v. Calderon*, 163 F.3d 1073, 1085 (9th Cir. 1998) ("prejudice generally does not arise from joinder when the evidence of each crime is simple and distinct"). Although the jury found both Brown and his codefendant guilty of all charges, that does not, by itself, imply or suggest that the jury failed to compartmentalize the evidence. Moreover, there was no substantial disparity in the strength of the joined cases. Although the admission of the gang evidence in connection with the shooting charges may have had some prejudicial effect on the trial of the robbery charges, any such prejudicial effect was not so severe as to result in a denial of due process. There is no evidence that the jury

2

was actually inflamed by the gang evidence. *See Park v. California*, 202 F.3d 1146, 1150 (9th Cir. 2000).

## II.

Brown is not entitled to relief on his prosecutorial-misconduct claim because the state court adjudicated this claim on the merits and its decision was not contrary to, and did not involve an unreasonable application of, clearly established federal law, as determined by the Supreme Court of the United States. *See* 28 U.S.C. § 2254(d).

## III.

Regardless of whether Brown's claim of cumulative error is evaluated under § 2254(d) or de novo, Brown is not entitled to relief on this claim. The cumulative effect of any errors that occurred at his trial did not render the trial fundamentally unfair.

AFFIRMED.